## ACORN REFINING COMPANY v NICHOLAS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11593. Decided April 25, 1932

Samuel Doerfler, Cleveland, for plaintiff in error.

Hartshorn, Thomas and Abele, Cleveland, for defendant in error.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ (5th Dist), sitting.

**MONTGOMERY, J.**

A study of this record fails to disclose any justification whatever for the writing of any of these letters set forth in plaintiff's petition. They were signed by the sales manager. He either knew that the statements contained in the letters were false, or by an examination of the record and files of his company he could have learned that they were false. In writing these letters he either was guilty of deliberate statement of falsehoods or he was guilty of reckless and wanton conduct affecting the rights of Nicholas.

Evidence was properly admitted on each cause of action. The fourth letter was not privileged because it was not written in good faith.

The action of the company was unconscionable. Its statements were clearly libelous. The record shows substantial injury sustained by Nicholas.

For these reasons it is with a great deal of reluctance that we come to the conclusion that this judgment must be reversed.

The record in the case is voluminous. The case was not well tried. The trial judge wabbled a great deal in passing upon questions of evidence. He wabbled in his charge to the jury, and the charge as a whole is not to be commended. It is exceedingly long, but taking the view which we do, it is not necessary to discuss or dissect it further.

The recipients of the three letters set forth in the first three causes of action, testified by deposition as to the impressions which the letters conveyed to them concerning Nicholas. No objection was registered at the time of the taking of the depositions, but counsel in the trial of the case did object to these questions and to the answers, the answers of the several witnesses being to the effect that the letters conveyed to them the impression that Nicholas had received the paint, had confiscated it to his own use, and had been dishonest in his dealings with the company.

There was no ambiguity in the words used. It was for the jury to determine what impression those words were calculated to make upon the minds of the recipients of the letters. It was not for the recipients to state the impression made upon them.

It is well understood that where a statement is ambiguous or where the identity of the person referred to is uncertain, the recipient of a written communication may testify as to what he understood by the language used or to what person he understood the language was directed. That cannot be applicable to the case at bar, where there is no uncertainty as to the person mentioned and where the words speak for themselves and clearly charge dishonesty.

To have permitted the recipients of the letters to testify in this respect was highly prejudicial to the plaintiff in error.

The court permitted over objection the introduction of a letter written by the company to Nicholas, and gave contradictory reasons for its admission. This letter was admissible for the purpose of showing malice and the state of mind of the writer, in view of his claim of acting in good faith, and for no other purpose, and the jury should have been so charged.

The judgment of the Common Pleas Court must be and the same is hereby reversed and this cause is remanded to that court for further proceedings. Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur.